Entered on Docket
July 27, 2006
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED
JUL 2 6 2006
CLERK
United States Bankruptcy Court
San Jose, California

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re                              ) Case No. 05-59499-ASW
                                   )
David R. Bricksin and              ) Chapter 7
                                   )
Vivian M. Bricksin,                )
            Debtors.               )
_____)

MEMORANDUM DECISION

ON THE UNITED STATES TRUSTEE'S MOTION TO DISMISS

Before the Court is the motion of the United States Trustee ("Trustee") to dismiss the chapter 7 case of David R. Bricksin and Vivian M. Bricksin ("Debtors"). Trustee brought this motion pursuant to 11 U.S.C. §§ 707(a), 109(h) and 521(b) and Interim Rule 1007(b)(3) asserting that Debtors failed to file certificates from an approved credit counseling agency evidencing Debtors' receipt of credit counseling within the 180-day period preceding the date of filing the petition.

This Memorandum Decision constitutes the Court's findings of fact and conclusions of law, pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure.

I.

PROCEDURAL BACKGROUND

Debtors filed a voluntary petition under chapter 7 of the Bankruptcy Code ("Petition") on November 22, 2005. On December 2, 2005, Trustee filed a "Motion by United States Trustee to Dismiss Chapter 7 Case" ("Motion to Dismiss").

On January 9, 2006, Debtors filed "Debtor's Response to United States Trustee's Motion to Dismiss Chapter 7 Case" ("Debtor's Response"), along with the "Declaration of David Bricksin, with Exhibits, in Support of Debtor's Response to United States Trustee's Motion to Dismiss Chapter 7 Case" ("Declaration of David Bricksin"). On February 22, 2006, Trustee filed a "Memorandum of Law in Further Support of the Motion by United States Trustee to Dismiss Chapter 7 Case" ("Trustee's Memorandum of Law"). On March 20, 2006, Debtors filed "Debtor's Supplemental Response to United States Trustee's Motion to Dismiss Chapter 7 Case and Debtors Response to Memorandum of Law in Further Support of the Motion by United States Trustee to Dismiss Chapter 7 Case: Declaration of David Bricksin" (Debtors' Supplemental Response").

On April 3, 2006, Trustee filed a "Reply to Debtors' Supplemental Response to United States Trustee's Motion to Dismiss Chapter 7 Case" ("Trustee's Reply to Debtor's Supplemental Response") and an accompanying "Declaration of Shannon L. Mounger in Support of Reply to Debtor's Supplemental Response to United States Trustee's Motion to Dismiss Chapter 7 Case" ("Declaration of Mounger").

The matter was fully briefed and argued on May 4, 2006.

Debtors appeared *in propria persona*. Trustee was represented by Shannon L. Mounger, Esq. The Court heard testimony from the Debtors at the hearing.

## II.
## STATEMENT OF FACTS[1]

The facts of this case are undisputed.

Debtors' financial difficulties began when, sometime in 2004[2], David Bricksin lost a relatively high-paying job. As a result of this unexpected calamity, Debtors were no longer able to afford their then-current lifestyle. Concerned about their mounting debts, David Bricksin contacted Consumer Credit Counseling Services ("CCCS").

Debtors sought the professional assistance of CCCS to evaluate their options. CCCS conducted a counseling session with Debtors. The session was held on or about October 19, 2005.[3] During the course of the counseling provided by CCCS, the Debtors received

---

[1] The information in this section comes from the Declaration of David Bricksin dated January 8, 2006, the Declaration of Mounger dated April 3, 2006, the Exhibits attached to the declarations, and the testimony received at the hearing.

[2] The actual date when Mr. Bricksin lost his job does not appear in the record, but it can be inferred from the circumstances that it occurred sometime in 2004. In any event, the exact date is of no legal consequence.

[3] The Trustee points to CCCS's October 19, 2004 Letter to David Bricksin, attached to the Declaration of Mounger as Exhibit A, as evidence that Debtors participated in a credit counseling session on October 19, 2004. See Trustee's Reply to Debtor's Supplemental Response. However, the Declaration of David Bricksin, indicates that the services of CCCS were sought "[e]arly in 2005". The Court finds that the Trustee's account is correct, and that Mr. Bricksin must have been mistaken as to the date of the counseling session.

instruction in financial management and actively participated in a financial management course. They provided all of their financial information to CCCS, including their current income, living expenses, assets and liabilities. CCCS then analyzed the information and provided Debtors with customized recommendations. Based on this information, CCCS advised the Debtors that they did not have sufficient resources to repay their debts and recommended that they file for bankruptcy protection. Debtors were determined, however, to make an effort to repay their creditors without the aid of a bankruptcy filing.

With CCCS's professional expertise, a customized action plan was created, which contained recommendations and options for the Debtors.[4] As a part of this customized plan, CCCS developed a repayment plan for the Debtors which was designed to allow Debtors to reimburse their creditors. The repayment plan called for monthly payments of $2,200.00 toward their debts.

Debtors made regular and significant payments pursuant to the repayment plan until July 2005. The total funds paid to creditors under the repayment plan exceeded $11,000.00. Sometime in July 2005, when the Debtors were running out of money and came to the realization that they could no longer afford to continue with the debt repayment plan, David Bricksin contacted CCCS again in an effort to discuss with CCCS their financial situation. During this conversation, Mr. Bricksin was told that the repayment plan would be discontinued and that Debtors could not contact CCCS regarding credit counseling services for five years. On July 28, 2005, CCCS sent a letter, addressed to David Bricksin, stating that Debtors'

---

[4] Neither party has provided the Court with a copy of the debt repayment plan prepared by CCCS.

financial circumstances no longer allowed them to continue with the repayment plan.[5] The Bricksins, of course, were aware of that fact -- they had just told CCCS that they were unable to do so.

Debtors filed for bankruptcy protection on November 22, 2005. As discussed above, before making this decision, Debtors had consulted CCCS, a professional credit counseling agency, considered the effect a bankruptcy filing would have on their lives, rejected CCCS' advice that they file for bankruptcy, developed a debt repayment plan with CCCS, attempted to repay creditors and, in fact, made payments to creditors in excess of $11,000.00. Their decision to seek bankruptcy relief was clearly the result of a well-informed, deliberate process. Debtors were in the process of carrying out the repayment plan (*i.e.*, making substantial monthly payments to their creditors) within the 180-day period prior to filing.

The second page of the Debtors' Petition contains a section entitled "Certification Concerning Debt Counseling by Individual/Joint Debtor(s)". In this section appear two boxes. To the right of the first box is the sentence "I/we have received approved budget and credit counseling during the 180-day period preceding the filing of this petition". Adjacent to the second box is the following statement: "I/we request a waiver of the requirement to obtain budget and credit counseling prior to filing based on exigent circumstances. (Must attach certification describing.)". On the Petition, Debtors checked the first box. At the time the Petition was filed, Debtors did not attach a certificate regarding their receipt of credit counseling to the

---

[5] A copy of the July 28, 2005 letter is attached to the Declaration of David Bricksin as Exhibit 2.

Petition, nor did they file one separately.

The Trustee filed the instant Motion to Dismiss on December 2, 2005. Attached to the Declaration of David Bricksin accompanying Debtors' Response as Exhibit 4(a) is a certificate which states as follows:

> "I CERTIFY that on 12-22-2005, DAVID R BRICKSIN received from Consumer Credit Counseling Service, an agency approved pursuant to 11 U.S.C. § 111 to provide credit counseling, an individual briefing (including a briefing conducted by telephone or the Internet) that complied with the provisions of 11 U.S.C. §§ 109(h) and 111. A debt repayment plan was not prepared. If a debt repayment plan was prepared, a copy of the debt repayment plan is attached to this certificate."

Exhibit 4(a) is dated December 22, 2005, and is electronically signed by Kathryn Gillespie, Counselor. Also attached to the Declaration as Exhibit 4(b) is another certificate, identical in all respects to Exhibit 4(a), except that it names "VIVIAN BRICKSIN" as the recipient of credit counseling. According to Exhibits 4(a) and 4(b), Debtors again received credit counseling on December 22, 2005 -- one month after filing the Petition. Thus, Debtors twice paid for and received credit counseling.

The Court held a hearing on the Motion to Dismiss on May 4, 2006. Both Debtors testified at the hearing.

III.

APPLICABLE LAW

Trustee brings its Motion to Dismiss pursuant to 11 U.S.C. §§ 109(h), 521(b), 707(a) and Interim Rule 1007(b)(3).

Congress recently enacted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"). The provisions of the BAPCPA became effective on October 17, 2005.

Section 109(h), which was added to the Code as a part of the BAPCPA, provides, in pertinent part, that "an individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing (including a briefing conducted by telephone or on the Internet) that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis." 11 U.S.C. §109(h)(1) (2005).

This Court has adopted the Interim Rules prepared by the Advisory Committee on Bankruptcy Rules pursuant to General Order No. 16 dated September 23, 2005. Interim Rule 1007(b)(3) states, in relevant part, that "an individual must file the certificate and debt repayment plan, if any, required by § 521(b)." Federal Rules of Bankruptcy Procedure, Interim Rule 1007(b)(3) (2005). Section 521(b), also effective October 17, 2005, requires that the debtor file with the court "(1) a certificate from the approved nonprofit budget and credit counseling agency that provided the debtor services under section 109(h) describing the services provided to debtor; and (2) a copy of the debt repayment plan, if any, developed under section 109(h) through the approved nonprofit budget and credit counseling agency referred to in paragraph (1)." 11 U.S.C. § 521(b) (2005).

Section 707(a) provides for dismissal of a case for cause. 11 U.S.C. § 707(a) (2005). The section lists a number of examples which constitute "cause", but this list is illustrative and not exhaustive. <u>In re Padilla</u>, 222 F.3d 1184, 1191 (9th Cir. 2000).

MEMORANDUM DECISION
Case: 05-59499   Doc# 37   Filed: 07/26/06   Entered: 07/27/06 16:15:30   Page 7 of 13

Trustee submits that Debtors failed to obtain credit counseling from an approved agency within the 180-day period prior to filing the Petition and failed to file the certificate required by § 521(b). Trustee argues that these failures constitute cause for dismissal of Debtors' case under § 707(a). Debtors contend that they did comply with the relevant statutory requirements and, accordingly, the Trustee's Motion to Dismiss should be denied.

IV.

ANALYSIS

The Petition was filed on November 22, 2005, and thus all statutory amendments contained in the BAPCPA apply in this case.

Read in tandem, §§ 109(h), 521(b), 707(a) and Interim Rule 1007(b)(3) require the Debtors to receive credit counseling from an approved agency within the 180-day period prior to filing the Petition, and to file a certificate evidencing their receipt of the pre-petition counseling in order to be eligible Debtors under the Bankruptcy Code.

Construed strictly, Debtors have not satisfied the letter of the statutory requirements. Debtors did receive credit counseling, but the date of the initial session was not within the 180-day period prior to filing. While the Debtors checked the box on the Petition to indicate receipt of pre-petition counseling, they did not attach the certificates required by Interim Rule 1007(b)(3).[6]

---

[6] Debtors did attach certificates which appear to show their receipt of credit counseling to the Declaration of David Bricksin (Exhibits 4(a) and 4(b) referenced in section II(C) above). Both of these certificates are dated December 22, 2005, exactly one month after the Petition date. Thus, these certificates apparently relate to post-petition counseling, and do not fulfill the statutory requirements.

MEMORANDUM DECISION
Case: 05-59499  Doc# 37  Filed: 07/26/06  Entered: 07/27/06 16:15:30  Page 8 of 13

However, the intent of Congress in enacting these particular provisions of BACPCA is clear. The statutory provisions requiring debtors to receive credit counseling before they can be eligible for bankruptcy relief were enacted so that debtors "will make an informed choice about bankruptcy, its alternatives, and consequences." H.R. Rep. No. 109-031, at 2 (2005). As one court has stated, "[t]he statute is clear in that it unequivocally requires that the credit counseling be obtained *prior to* the filing of the petition." In re Warden, No. 05-23750, 2005 WL 3207630 (Bankr. W.D. Mo. Nov. 22, 2005)(emphasis added). Congress' objective "in enacting the credit counseling requirement is that focusing on a budget analysis with the help of a credit counseling professional might obviate the need for seeking bankruptcy relief for some debtors." Id. The Warden court dismissed the debtor's petition for failure to obtain credit counseling pre-petition, finding that the Congressional intent is not upheld by receiving post-petition counseling. Id.

The Court finds that application of the statutory scheme to dismiss this case, as the Trustee urges, would produce a result at odds with Congressional intent. The intent behind these statutory amendments is to encourage debtors to seek alternatives to the bankruptcy process and to promote debtor awareness of the effects of a bankruptcy filing by requiring pre-petition credit counseling. Debtors had received extensive pre-petition credit counseling and then -- during the 180-day period prior to filing for bankruptcy -- were proceeding with their repayment plan, and making very substantial payments to creditors. While failing to comply with the law's technical letter, the Debtors were clearly in compliance

with its spirit. The Court finds that the Debtors' need for a bankruptcy filing was not and could not have been obviated by additional credit counseling. Debtors were keenly aware of the implications of the bankruptcy filing. Indeed, CCCS had advised the Debtors that their only viable option was to file for bankruptcy.

While the credit counseling session attended by Debtors was held outside of the 180-day period prescribed by the statute, the Court is persuaded that Debtors' participation in and performance under a debt repayment plan constitutes ongoing credit counseling sufficient to satisfy the statutory requirement on the individual and unusual facts of this case. Debtors performed under the repayment plan until July 2005, less than 180 days before filing the Petition. This performance necessitated that Debtors write a substantial check each month toward the payment of their debts. Debtors were no less aware of their financial predicament in July 2005 than they were at the time their counseling session was held. The Court finds that Debtors' completion of credit counseling, and then ongoing performance under the debt repayment plan within the 180-day period prior to filing, fulfills the spirit of the statutory requirement. This is especially true here, where the credit counselor advised Debtors to file for bankruptcy in the first place. Debtors did not follow that advice and attempted to carry out a repayment plan. Then, after making substantial payments to their creditors, Debtors accepted the reality of their situation and filed for bankruptcy -- as CCCS had initially advised them to do.

Counsel for the Trustee pointed out at the hearing that the

agency from which Debtors received counseling was not on the approved list of providers at that time. However, that provider was subsequently approved in September 2005, prior to the effective date of the BAPCPA.[7] This situation is perfectly understandable in the context of this brand new legislation. The Bankruptcy Court is a court of equity. Debtors have already paid for and completed two credit counseling sessions. It would be inequitable for this Court to hold that these Debtors' technical non-compliance with the law, despite their very best efforts, warrants dismissal of this case, which would require these Debtors to start all over, to pay another $299.00 filing fee, and potentially deprive them of the protection of the automatic stay.[8]

V.

CONCLUSION

Despite Debtors' technical non-compliance with the statutory scheme, Debtors clearly complied with the spirit of the rule. In the context of this new statute, this unique set of facts is unlikely to present itself again. Application of the law in this

---

[7] Counsel for the Trustee noted that the providers approved by the Trustee were required to go through an application process and that some providers were required to change their procedures to receive approval. However, the Trustee does not suggest that the Debtors in fact were improperly counseled or misled in any way. To the contrary, all of the available evidence suggests that Debtors acted responsibly and made every effort to comply with the spirit of the statutory requirements. Moreover, The Trustee certainly could have advised the Court if CCCS's procedures had to be revamped following BAPCPA. The Trustee presumably would have access to that information and did not introduce any evidence to that effect.

[8] Debtors list a secured vehicle debt relating to a 2002 Chevrolet Suburban on their Schedule D which is potentially affected by the automatic stay.

case to dismiss Debtors' petition would contravene Congressional intent. Therefore, the Trustee's Motion to Dismiss is denied.

Dated: 7/26/06

_____
ARTHUR S. WEISSBRODT
UNITED STATES BANKRUPTCY JUDGE

Court Service List

David R. Bricksin
PO Box 1317
Los Gatos, CA 95031-1317

Vivian M. Bricksin
PO Box 1317
Los Gatos, CA 95031-1317

Mohamed Poonja
P.O. Box 1510
Los Altos, CA 94023-1510

Office of the U.S. Trustee
U.S. Federal Bldg.
280 S 1st St. #268
San Jose, CA 95113-3004

Shannon L. Mounger
Office of the U.S. Trustee
280 S 1st St. #268
San Jose, CA 95113-0002